H. H. DOOLEY v. HOUSTON LAND AND TRUST COMPANY.

Decided October 25, 1900.

**Failure of Consideration—Suit on Invalid Street Certificates Settled by Note.**

Where the plaintiff was sued in another action by the holder of certain street certificates reciting a lien on his property, and on which certificates a loan company to whom the holder had transferred them as collateral security had a lien, and plaintiff, supposing the certificates to be valid and intending to pay them, gave his note to the loan company secured by a trust deed lien on other property, and such action was thereupon dismissed and the certificates, marked "paid in full," were surrendered to him, he could not thereafter, when certificates of that character had been declared invalid by the courts, enjoin a sale under the trust deed so given to secure his note on the ground of failure of consideration because of the invalidity of the certificates, since the transaction in which the note and lien were given constituted a loan of funds by a third party to settle such first suit, and not a mere extension of the certificates.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*Brashear & Dannebaum*, for appellant.

*Ewing & Ring*, for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Plaintiff in error brought this suit in the District Court of Harris County to enjoin the sale by defendant in error, Paul Timpson, of certain real estate belonging to plaintiff, which said Timpson was proceeding to sell as substitute trustee in a certain deed of trust executed by plaintiff to secure a certain note executed by him in favor of the defendant in error, the Houston Land and Trust Company. Plaintiff's petition alleged that the note executed by him in favor of the defendant, the Houston Land and Trust Company, was without consideration, and was executed to evidence an extension of the time of payment of a claim set up by defendant in error, for which claim he was not legally liable; that said claim was made by defendant in error and said note was executed by plaintiff under the mistaken conviction that plaintiff was legally liable for the amount of said claim, and further, that said note was executed under duress of property. Defendant in error, the Houston Land and Trust Company, answered denying that it was ever the owner of said claim, and averred that said claim belonged to one R. C. Storrie, and had been mortgaged to said defendant to secure an indebtedness due by said Storrie; that said Storrie had filed suit against plaintiff on said claim, default having been made in its payment at maturity, and that defendant thereafter loaned plaintiff the money to pay same by crediting Storrie's indebtedness to defendant with the amount of said claim, and to evidence and secure said loan, the plaintiff executed to defendant the note and deed of trust in controversy in this case. This answer further contained all necessary allegations in suit on note and for foreclosure of mortgage lien, and prayed for judgment on the note with foreclosure of the lien.

Briefly stated, the facts in the case are as follows: The city of Houston had issued to R. C. Storrie two street improvement certificates purporting to render the plaintiff liable to said Storrie for the amount stated in said certificates, and reciting that a lien existed on the property of plaintiff to secure the payment of said amounts. These certificates were issued under authority of the charter of the city of Houston, in payment of the contract price of certain paving which had been placed by said Storrie upon certain streets in said city, upon which the said property of plaintiff abutted.

These certificates were transferred and delivered by Storrie to the defendant, the Houston Land and Trust Company, as collateral to secure a note of said Storrie in favor of said trust company. When the first installment of the indebtedness evidenced by said certificates became due, they were presented by defendant to plaintiff for payment of said installment, and plaintiff not meeting said installment at maturity, by a provision of the certificate the whole amount of the indebtedness evidenced thereby became due, and suit was filed against plaintiff for the full amount due on said certificates. This suit was filed in the name of R. C. Storrie by Ewing & Ring, who were selected by the defendant in error to bring the suit. Under the contract between Storrie and the defendant by which the defendant held these certificates as security for the indebtedness due it by said Storrie, defendant was authorized, in event default should be made in the payment of any of the certificates held by it, to bring suit thereon in the name of said Storrie, or in its own name, as it might elect. While the suit was pending, and after all the certificates had matured, Dooley executed the note sued on, payable to the order of the Houston Land and Trust Company, for a sum of money equal to the amount then due on all the certificates, inclusive of interest and costs. The certificates bore interest at the rate of 6 per cent. The note bore interest from date at the rate of 8 per cent, and was payable on or before one year from date. Dooley also, for the purpose of securing the payment of this note, executed a deed of trust in favor of said trust company on another tract of land entirely distinct from the one against which the street improvement certificates were issued. After the execution of the note and deed of trust, the suit referred to was dismissed, and the improvement certificates were deliverd to Dooley with this indorsement written on them: "Paid in full, suit to be dismissed at plaintiff's cost. Ewing & Ring, attorneys for plaintiff." The trust company credited the amount of the note executed by Dooley upon Storrie's debt, and his liability to the company was reduced to the extent of this credit. The payment was credited on a note evidencing Storrie's indebtedness to the company, which note was afterwards canceled.

When Dooley was first sued on the certificates he employed a lawyer, not to defend the suit, but to secure continuance of the case. He thought the certificates were valid, and that if he did not settle them his property would be sold. He also thought that the defendant in error, the Houston Land and Trust Company, was the real plaintiff in the suit. After this case had been continued until September, 1897, the at-

torneys who were prosecuting the suit refused to agree to a further continuance, and upon Dooley's stating that he was unable to pay the certificate, they replied, "they will give you time if you will give them your note secured by a deed of trust." Dooley agreed to do this, and Mr. Ring, one of the attorneys prosecuting said suit, informed the Houston Land and Trust Company that Dooley desired to borrow money from them to pay the amount due on the certificates and all costs of this suit. After examining and approving the security offered and having the title examined, said company agreed to make the loan, and the note and trust deed were prepared and executed as above stated, at the office of said attorney. Dooley had no conference with any of the officers or agents of said company and the whole matter was arranged through Mr. Ring. Dooley did not ask that the certificates be canceled and surrendered to him when he executed the note, and did not know until the suit was filed that they were marked paid, and did not know that Storrie's indebtedness to said company was credited with the amount of said certificates when same were surrendered to him. He testifies that nothing was said by him about borrowing money from said company, nor about the note paying off the certificates, and that his understanding was that he was simply to get time to pay off the certificates by giving a secured note and thus avoid judgment being taken against him.

Before the note became due the Supreme Court decided, in the case of Hutcheson v. Storrie, that the certificates were invalid and would not sustain a judgment against him, and when the notes were presented for payment Dooley refused to pay same and tendered the certificates to the Houston Land and Trust Company and demanded the surrender of his note. Said company declined to surrender the note, and directed defendant in error Timpson, whom it had appointed substitute trustee under the terms of said trust deed, to sell the property therein conveyed which he was proceeding to do when plaintiff in error brought this suit to enjoin such sale. A temporary injunction was granted, but upon a final hearing of the cause the court instructed the jury to find for the dissolution of the injunction and in favor of the defendant, the Houston Land and Trust Company, on their cross-bill for the amount due upon said note and for foreclosure of their lien. Under said instruction the jury returned a verdict in favor of the defendant, the Houston Land and Trust Company, and judgment was accordingly rendered dissolving the injunction and in favor of said defendant for the amount due upon said note and for foreclosure of the lien upon plaintiff's land, from which judgment plaintiff prosecutes this writ of error.

Plaintiff in error, under appropriate assignments, contends that the court below erred in instructing the jury to find for the defendant in error, the Houston Land and Trust Company, because (1) the evidence shows that the note upon which said defendant in error obtained judgment is void for want of consideration; (2 said note can not be enforced against plaintiff in error because same was executed under a mistake as to plaintiff's legal liability for the debt evidenced thereby; (3) said note was executed under duress of property and is thereby not enforcible

against him; and (4) the evidence raises an issue as to whether or not said note was given for money loaned plaintiff by said defendant in error, or was merely executed as an extension of the time of payment of said invalid certificates which were owned by said defendant at the time of the execution of said note, and such issue should have been submitted to the jury.

We will consider these contentions in the inverse order of that in which they are presented. There is not a scintilla of evidence contradicting the testimony of defendant in error, that it was never the owner of said certificates, but only held same as collateral to secure the payment of an indebtedness due it by R. C. Storrie, and that it was only interested in the suit brought by Storrie to enforce the payment of the amounts due upon said certificates to the extent of having a lien on said certificates and the right to apply the proceeds obtained by said suit to payment of the indebtedness due it by Storrie. The Houston Land and Trust Company was a loan company engaged in the business of loaning money, and when the application came to it through Mr. Ring to loan the money necessary to settle the suit brought by Storrie against plaintiff, it examined the security offered, which was different from that by which said certificates were secured, and made the loan. The crediting of Storrie's indebtedness to said company with the amount due on said certificates and the payment of costs and dismissal of the suit against plaintiff and the surrender to him of said certificates was as much a payment to him of the amount of money evidenced by the note executed by him as it would have been had the money been actually delivered to him in cash and the amount used by him in settlement of the Storrie suit, and the money then repaid to plaintiff by Storrie on his indebtedness. These facts being undisputed, the testimony of plaintiff in error that he understood that by the execution of the note he only extended the time of the payment of said certificates, and that he did not say anything about borrowing money when he made the arrangement with the Houston Land and Trust Company, and did not know that the certificates were marked paid when they were surrendered to him, nor that said company credited the amount of said note upon Storrie's indebtedness to it, raises no issue as to the relation in which defendant in error stood to plaintiff in error in said transaction. Defendant in error was not a party to the suit, and so far as said certificates are concerned, there was no privity of contract between it and plaintiff in error, and it stands in the position of a third party, a stranger to the suit, who has advanced to plaintiff in error the money necessary to settle said suit and is in good conscience entitled to recover same.

Such being our conclusion as to the relation of the parties to each other, it is unnecessary for us to discuss the other questions raised by plaintiff in error. Granting that the other contentions of plaintiff in error are sound in law and would have constituted valid defenses to said note had same been given to the owner of said certificates in considera-

· tion of their surrender, they are not available against the defendant in error under the facts of this case.

We find no error in the judgment of the court below, and it is in all things affirmed.

*Affirmed.*